UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **DOCKET NO.  04-30009-01** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ANTOINE SMITH** | * | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to vacate, set aside, or correct sentence filed by Defendant Antoine Smith pursuant to 28 U.S.C. § 2255.  [doc. # 82].  For reasons stated below, it is recommended that the motion be **DENIED.**

On March 21, 2005, Defendant pled guilty to Counts One and Two of a four count superceding indictment.[1]  Smith was sentenced on September 6, 2005, to a 120 month term of imprisonment on Count One and to a consecutive 60 month imprisonment term on Count Two.  Judgment was signed on September 8, 2005, and entered on September 14, 2005.  Defendant did not appeal his conviction or his sentence.

On March 19, 2007, Smith filed a Pro Se Motion for Leave to File Untimely Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and for Equitable Tolling.  [doc. # 82].  On March 27, 2007, leave of court was granted to file a § 2255 motion, but a ruling on the timeliness of the § 2255 motion was deferred.  (*See*, March 27, 2007, Electronic Order).  Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was filed on March 27, 2007.

---

[1] Count One charged Smith with possession to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  Count Two charged Smith with possession of a firearm in furtherance of a drug trafficking offense.  18 U.S.C. § 924(c)(1)(A)(i).

The Government filed its response on April 2, 2007. The matter is now before the court.

## **LAW AND ANALYSIS**

Under 28 U.S.C. § 2255, the applicable statute of limitations is as follows:

[a] 1-year period of limitation shall apply to a motion under this Section. The limitation period shall run from the latest of –

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (in pertinent part).

Defendant does not argue, nor adduce any evidence to establish that his motion is timely under ¶¶ (1)-(4) of § 2255. Indeed, at the time Smith filed the pending motion, his conviction had been final for over seventeen months. Instead, Smith contends that the court should excuse his otherwise untimely motion because he relied on his attorney's representation that he would file an appeal on Smith's behalf. (Motion, pgs. 3, 5). In other words, Smith invokes the doctrine of equitable tolling.

Equitable tolling preserves a petitioner's claims when strict application of the statute of limitations would be inequitable. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (citation omitted). However, equitable tolling is justified only in "rare and exceptional circumstances," and the burden of proof is upon the petitioner. *U.S. v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). "[M]ere attorney error or neglect is not

an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). A petitioner's ignorance or mistake is likewise insufficient. *Id.* (citation omitted). Moreover, the petitioner must diligently pursue his habeas relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

An attorney's intentional deceit could warrant equitable tolling, provided that the petitioner reasonably relied on his attorney's deceptive misrepresentations. *Riggs, supra* (citing *U.S. v. Wynn*, 292 F.3d 226, 230-231 (5th Cir. 2002). However, an attorney's representation to the petitioner that he would prospectively act on his behalf does not suffice. *Schlueter v. Varner*, 384 F.3d 69 (3d Cir. 2004); *Bailey v. Dretke*, 2006 WL 355233 (S.D. Tex. 2/13/06); *Garza v. Dretke*, 2004 WL 2385002 (W.D. Tex. 10/25/04); and *Romine v. Dretke*, 2004 WL 893799 (N.D. Tex. 4/26/04).

In the case *sub judice*, defendant alleges that he trusted and relied on his counsel's representation that he would file an appeal. (Motion, pgs. 3, 5). Critically, however, there are no allegations that counsel told Smith that he *had* filed an appeal. *See, Garza, supra, Bailey, supra.* Moreover, unlike *Wynn*, the alleged representation by Smith's counsel was that he would file an *appeal*, not a habeas petition. Ordinarily, an appeal must be filed within ten days after entry of the judgment. Fed.R.App.P. 4(b)(1)(A). Smith was certainly capable of checking with the Court of Appeals to determine whether an appeal had been filed. (*See*, Def. Exhs. D-E). At some point within the habeas limitations period, Smith's repeated inability to contact counsel should have compelled him to check with the Court of Appeals. *See*, *Garza, supra*. Here, Smith did not contact the Court of Appeals until almost three months after the habeas limitations period had lapsed. Smith's delay defeats any suggestion that he diligently pursued his habeas remedy. *See, Coleman, supra*. Accordingly, Defendant has not established that he is entitled to equitable tolling.

3

For the above-stated reasons, it is recommended that defendant's motion for relief under 28 U.S.C. §2255 be **DENIED** as untimely.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 5th day of April, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE