RECEIVED
IN MONROE, LA
DEC 4 - 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-30009 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ANTOINE SMITH | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Pending before the Court is a Motion for Reconsideration [Doc. No. 105] filed by Defendant Antoine Smith ("Smith").

On November 17, 2008, this Court issued a Memorandum Order [Doc. No. 104] in which it found that Smith was not entitled to a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(2). The Court found that the recent amendments to the United States Sentencing Guidelines for crack cocaine did not apply to Smith because he had been sentenced to a **statutory** minimum of 120 months imprisonment on Count 1 for possession with intent to distribute crack cocaine and a statutorily-mandated 60 month sentence on Count 2 for use of a firearm in furtherance of drug trafficking.

Although Smith had notice of the Court's intent to deny him a reduction in sentence and was granted 30 days to object, Smith failed to file a memorandum prior to the issuance of the Court's November 17, 2008 Memorandum Order.

Instead, on November 24, 2008, Smith placed this Motion for Reconsideration in the prison mail system. Because the Motion for Reconsideration was filed within 10 days of the date the Judgment was filed, the Court construes the motion as a motion to alter or amend judgment

1

pursuant to Federal Rule of Civil Procedure 59(e). However, the Court finds no basis to grant the motion.

While Smith cites this Court to Supreme Court case law on the continuing disparity between crack and powder cocaine sentences, that case law has no application to Smith's motion under § 3582(c)(2). The Fifth Circuit has recently addressed this issue and explained that a defendant's "sentence cannot be reduced based on the amendment [if] he received the mandatory minimum statutory penalty." *United States v. Reece*, No. 08-20116, 2008 WL 4580086 at *1 (5th Cir. Oct. 15, 2008) (citing U.S.S.G. § 1B1.10, n. 1(A)); *see Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007); *United States v. Gomez-Herrera*, 523 F.3d 554, 559 (5th Cir.2008)). "A mandatory minimum statutory penalty overrides the retroactive application of a new guideline." *Id.* (citing *United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994)).

The *Reece* Court also rejected the argument that a defendant is entitled to a modification of his sentence pursuant to § 3582(c)(2) under *Kimbrough* and *United States v. Booker*, 543 U.S. 220 (2005). Neither of those cases invalidated "the rule that a district court cannot depart below a statutory minimum sentence in the absence of a motion by the Government for a reduced sentence based on the defendant's substantial assistance or unless the defendant meets the criteria of the safety valve provision, 18 U.S.C. § 3553(f)." *Id.* at *2 (citing *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008)). Accordingly,

IT IS ORDERED that Smith's Motion for Reconsideration [Doc. No. 105] is DENIED.

MONROE, LOUISIANA, this 4 day of December, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE